NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jesse J. AVERHART,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNICATIONS WORKERS OF AMERICA, et al.,<br><br>Defendants. | Civ. No. 13-1093<br><br>OPINION |

THOMPSON, U.S.D.J.

### I. INTRODUCTION

This matter has come before the Court upon the Application filed by Plaintiff Jesse J. Averhart ("Plaintiff") for leave to proceed under Title V of the Labor-Management Reporting and Disclosure Act against the individually named Defendants.[1] (Docket Entry Nos. 24, 25). Defendants Lawrence Cohen, Christopher Shelton, and Annie Hill (collectively, "National Union Defendants"), as well as Defendants Rae Roeder, Diane Spence-Brown, Anthony Miskowski, and Dennis Reiter (collectively, "Local Union Defendants") oppose the motion. (Docket Entry Nos. 28, 29). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Plaintiff's Application is granted.

---

[1] Plaintiff asserts a Title V claim against only "the CWA individually named defendants." (*See* Docket Entry No. 1 at ¶¶ 115-20). The Court, therefore, construes Plaintiff's Application as a request to bring a Title V claim against only Defendants Lawrence Cohen, Christopher Shelton, Annie Hill, Rae Roeder, Diane Spence-Brown, Anthony Miskowski, and Dennis Reiter.

1

## II.  BACKGROUND

This case concerns whether officers of a national union, the Communications Workers of America ("CWA"), and one of its local branches, the Communication Workers of America Local 1033 ("CWA Local 1033"), complied with federal and state law as well as the union's constitution and bylaws.  Specifically, Plaintiff alleges that the Local Union Defendants, as officers of the CWA Local 1033, failed to organize unorganized workers, claimed to expend funds on union organizing activities when in fact no such organizing activities occurred, and failed to provide fair and democratic elections.  (Docket Entry No. 1 at ¶¶ 10, 17, 22-26).  Plaintiff also alleges that when he reported this misconduct to the National Union Defendants, they failed to properly address it, dismissing Plaintiff's complaints on technical grounds.  (*Id*. at ¶¶ 6, 8, 9, 14-16).  Plaintiff claims that the National Union Defendants' conduct violates Title V of the LMRDA because they were "bound by fiduciary duty to enforce the provisions of the CWA Constitution and Local 1033 Bylaws" against the Local Union Defendants.  (*Id*. at ¶ 117).

On April 16, 2013, Plaintiff submitted an application for leave to proceed with his Title V claim as required under Section 501(b) of the LMRDA.  (Docket Entry No. 25).  He then submitted a revised application on July 15, 2013, (Docket Entry No. 24), which the Court now considers.

## III.  ANALYSIS

Section 501(a) outlines the fiduciary responsibilities of officers of labor organizations. 29 U.S.C. § 501(a).  Specifically, it provides that:

> The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group.  It is, therefore, the duty of each such person . . . to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse

> party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization.

*Id*.

"Members of a labor organization may sue labor officials for violations of their fiduciary duties in federal district court" under Section 501(b). *Loretangeli v. Critelli*, 853 F.2d 186, 189 (3d Cir. 1988). Specifically, Section 501(b) provides that if a labor organization, its governing board or officers "refuse or fail to sue to recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward or representative" to recover damages or for other appropriate relief for breach of Section 501(a). 29 U.S.C. § 501(b). However, "no such proceeding shall be brought except upon leave of court obtained upon verified application and for good cause shown." *Id*.

Congress imposed the "good cause" requirement out of concern for "the potential for harassing and vexatious suits brought without merit or good faith against union officials, and also with the specter of unwarranted judicial intrusion into the processes of union democracy." *Loretangeli*, 853 F.2d at 189. "[T]he existence of 'good cause' may be discernible from the allegations of the verified complaint." *Id*. at 192. "If either the court or the defendant requests a hearing, the court may look beyond the complaint to determine whether there is an absence of good cause because of some jurisdictional defect, such as a failure to comply with some condition precedent to suit, or a bar imposed by the statute of limitations, the principles of res judicata, or collateral estoppel." *Id*. "The Court may not, however, consider at this stage

3

defenses which require the resolution of complex questions of law going to the substance of the case or which necessitate the determination of a genuine issue of material fact." *Id*.

As a preliminary matter, the Court notes that Plaintiff has conceded that Section 501 is inapplicable to the Local Union Defendants, (Docket Entry No. 30 at 1), and therefore, the Court does not address the arguments they raised in their letter of opposition. With regard to the National Union Defendants, however, the Court is not in a position to determine the facts of the claim at this time. The National Union Defendants' arguments require the Court to go beyond the "low level of judicial scrutiny" mandated by Section 501(b). *Lorentangeli*, 853 F.2d at 191. Therefore, the Court will not address them at this time.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Application is granted. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date:  August 20, 2013