NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jesse J. AVERHART, | |
| Plaintiff, | Civ. No. 13-1093 |
| v. | OPINION |
| COMMUNICATIONS WORKERS OF AMERICA, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter appears before the Court on Plaintiff Jesse J. Averhart's Motion for Reconsideration. (Doc. No. 37). Defendants Communications Workers of America ("CWA"), Communications Workers of America Local 1033 ("CWA Local 1033"), Lawrence Cohen, Christopher Shelton, Annie Hill, Rae Roeder, Diane Spence-Brown, Anthony Miskowski, and Dennis Reiter oppose the motion. (Doc. Nos. 38, 39). The Court has decided the motion after considering the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Plaintiff's motion is denied.

BACKGROUND

On May 22, 2013, Plaintiff brought a motion seeking: "(1) to disqualify Defendant's counsel; and (2) a preliminary injunction to enjoin the CWA and the CWA Local 1033 from expending funds on legal counsel for the National Union Defendants and the Local Union Defendants [in the present action]." (Doc. No. 32 at 5). After considering the arguments raised by Plaintiff, the Court, finding that Plaintiff's allegations were insufficient to warrant disqualification and that there was "no basis to issue a preliminary injunction," denied the motions. (Doc. No. 32 at 8).

1

In response, Plaintiff filed the September 3, 2013 Motion for Reconsideration currently before the Court. In this motion, Plaintiff argued that "Plaintiff failed to specifically identify the legal principle establishing defendant CWA Union culpability[,] and [,] as a result [,] the Court misconstrued the allegations in the complaint and overlooked the following facts and prevailing law." (Doc. No. 37 at 1). In support of this claim, Plaintiff argues that "Defendant CWA Union is culpable by acts of its agents." (Doc. No. 37 at 2). Plaintiff also re-argued that counsel should have been disqualified under RPC 1.13 and RPC 1.7. (Doc. No. 37 at 2, 7, 8). Finally, Plaintiff "rel[ied]" upon these arguments to support "reconsideration to enjoin expenditure of union funds on behalf of the individual defendants." (Doc. No. 37 at 13).

## DISCUSSION

a. Legal Standard

"Reconsideration is an extraordinary remedy" and should be "granted very sparingly." *See* L. CIV. R. 7.1(I) cmt.6(d) (internal quotations omitted); *Church & Dwight Co., Inc. v. Abbott Labs.*, 545 F. Supp. 2d 447, 449 (D.N.J. 2008) ("The standard for reconsideration is high and reconsideration is to be granted only sparingly."). A proper motion for reconsideration "must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations and citations omitted).

Motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers," nor are such motions "an opportunity for the parties to avail themselves of additional briefing." *Bowers v. Nat'l Collegiate Athletic Ass'n Act, Inc.*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). In other words, such motions

"should not provide the parties an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998).

    b.  Analysis

Since this case concerns a motion for reconsideration, the issue turns on whether the "high" standard for reconsideration is met. *See Abbott Labs.*, 545 F. Supp. 2d 447, 449 (D.N.J. 2008); *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). Therefore, the Court's analysis focuses on whether Plaintiff has satisfied any of the three factors set forth by the Third Circuit in *North River Ins. Co.*, 52 F.3d at 1218. Plaintiff's motion appears to raise three main contentions. The Court will deal with each in turn.

First, Plaintiff argues that the Court "misconstrued the allegations" or otherwise "overlooked" relevant law or facts regarding Defendant CWA's culpability for the acts of its agents because Plaintiff failed to "specifically identify the legal principle regarding the culpability of the CWA Union." (Doc. No. 37 at 1). Importantly, Plaintiff does not show that the Court ignored any claims advanced in the earlier motion or that any mistake constituted a clear error of law. Plaintiff merely contends that the Court did not give proper weight to certain legal principles in making its ruling. This form of argument is much more analogous to the "additional briefing" specifically disallowed in *Bowers*, 130 F. Supp. 2d at 613; *see NL Indus., Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 515 (D.N.J. 1996) ("Reconsideration motions [. . .] may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). Accordingly, the Court finds that this first contention does not meet the standard for reconsideration.

Second, Plaintiff contends that the Court misinterpreted certain factors regarding RPC 1.13 and RPC 1.7. (Doc. No 37 at 5, 7). In a manner similar to the first argument, Plaintiff challenges the way in which the Court interpreted prior cases and legal standards. The Plaintiff

does not allege that any changes in controlling law have occurred that would alter this interpretation. Thus, while "reconsideration is the appropriate means of bringing to the court's attention manifest errors of fact or law," the Court finds Plaintiff's allegations and arguments insufficient to cross this high threshold. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999).

Finally, Plaintiff relies on arguments above to support reconsideration of the motion to enjoin expenditure of union funds on behalf of the individual defendants. Having found none of Plaintiff's earlier arguments persuasive, the Court finds this argument equally unpersuasive.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration, (Doc. No. 37), is denied.  An appropriate order will follow.


*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.


Dated: 10/4/2013