NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Jesse J. Averhart,

        Plaintiff,

v.

CWA Local, et al.,

        Defendants.

Civ. No. 13-1093

OPINION

THOMPSON, U.S.D.J.

    This matter appears before the Court on Plaintiff Jesse J. Averhart's motion for a stay of proceedings pending appeal. (Doc. No. 43). Defendants CWA Local and others oppose the motion. (Docs. No. 50 and 51). The Court has decided the motion after considering the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Plaintiff's motion is denied.

BACKGROUND

    On May 22, 2013, Plaintiff brought a motion seeking: "(1) to disqualify Defendant's counsel; and (2) a preliminary injunction to enjoin the CWA and the CWA Local 1033 from expending funds on legal counsel for the National Union Defendants and the Local Union Defendants [in the present action]." (Doc. No. 32 at 5). After considering the arguments raised by Plaintiff, the Court denied the motions. (Doc. No. 32 at 8). In response, Plaintiff filed a motion for reconsideration, which this Court denied. (Doc. No. 41).

In the present motion, Plaintiff seeks to enjoin the "advancement of legal fees on behalf of officer/defendants" or alternatively a "stay of these proceedings" pending his appeal of this Court's previous orders.

## DISCUSSION

*1. Legal Standard*

"[T]he standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 2013 WL 1277419 (3d Cir. Feb. 8, 2013). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id.* (citing *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008)).

For this Court to issue a stay pending appeal, Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if the stay is denied; (3) that granting the stay will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *See Conestoga Wood Specialities Corp. v. Secretary of U.S. Dept. of Health and Human Services,* 2013 WL 1277419, at *1 (3d Cir. 2013). "A plaintiff's failure to establish any element in its favor renders a" stay pending appeal inappropriate. *See id.; see also United States v. Cooper Health Sys.*, 2013 WL 3897588 (D.N.J. July 29, 2013).

*2. Analysis*

Plaintiff does not satisfy the criteria for granting a stay. Similar to the motion to stay denied by the District Court in *Westmont Dev. Group, LLC v. Twp. Of Haddon*, Plaintiff's contention that he is likely to succeed on the merits "is tantamount to a motion for reconsideration." *See Westmont Dev. Group, LLC v. Twp. Of Haddon*, 2009 WL 2230910, at *1 (D.N.J. 2009). The arguments advanced by Plaintiff are indistinguishable from those advanced

in his previous motions. Moreover, Plaintiff does not demonstrate that the public interest favors the stay or that irreparable harm will befall Plaintiff if the stay is denied.

## CONCLUSION

For the reasons set forth above, the motion is denied.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J

Dated:2/10/14