NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Jesse J. Averhart,

        Plaintiff,

v.

CWA Local, et al.,

        Defendants.

Civ. No. 13-1093

OPINION

THOMPSON, U.S.D.J.

    This matter appears before the Court on *pro se* Plaintiff Jesse Averhart's motion for reconsideration. (Doc. No. 56). Defendants oppose the motion. (Doc. Nos. 57 and 58). The Court has decided the motion after considering the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Plaintiff's motion is denied.

BACKGROUND

    On March 3, 2014, this Court denied Plaintiff's motion for a stay pending appeal of this Court's previous orders. (Doc. No. 54). On March 17, 2014, Plaintiff filed the motion for reconsideration currently before the Court. (Doc. No. 56).

DISCUSSION

    "It is well-established in this district that a motion for reconsideration is an extremely limited procedural vehicle." *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992). To prevail on a motion for reconsideration, the movant must show one of the

2

following: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court rendered judgment; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou–Ann, Inc.*, *v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). Under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *P. Schoenfeld Asset Management LLC v. Cendant Corp.,* 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).

Here, Plaintiff alleges that the Court overlooked certain facts and law in arriving at its decision. After thorough review of the record and Plaintiff's arguments, the Court finds that Plaintiff has not met the standard for a motion for reconsideration.

## CONCLUSION

For the reasons set forth above, the motion is denied.

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J

Dated: 4/21/14